May it please the Court, Deputy Prosecuting Attorney Arlene Watanabe appearing on behalf of Respondent Albert Murashige. We sent out an order asking you to address whether or not it's proper to look at this under 2241 or 2254. Could you address that issue first? Yes, sure I will. And does it make a difference which one? Does it make a difference? Yes. In this particular case, whether it's addressed under 2241 or 2254, Your Honor, the State's position is that there was no acquittal in any event under either of those standards. With the Court's permission, I'd also like to reserve five minutes for rebuttal. Yes, go ahead. So at this point, I'd like to explain why even under 2241 there was no acquittal. Is it the State's position that we should look at this under 2241, and if so, why? That's correct. The State did believe that because the defendant, Mr. Stow, at that time was not being held under judgment of conviction, that he was actually being held pretrial because the judgment of conviction had been reversed by the Hawaii Supreme Court. So in that instance, as 2254 mandates, the defendant must be under judgment of conviction in order for it to apply. And in this case, that was no longer in effect. Therefore, the defendant was pretrial and should be reviewed under 2241. All right. Going on to the merits, Your Honor, the jury in this case convicted Mr. Stow of attempted murder in the first degree, which is the attempted killing of Mr. Nash and Mr. Parkinson with a single intent, as opposed to attempted murder in the second degree, which is the killing of Mr. Nash and Mr. Parkinson, the attempted, with separate intents. And where that conviction was reversed because that very element of specialness between attempted murder one and attempted murder two did not exist because of the jury instructions, essentially Mr. Stow was convicted by the jury of the functional equivalent of attempted murder two. And so therefore, there was no acquittal in substance of the attempted murder two because the jury did not resolve the elements in that case in Mr. Stow's favor. Your Honor. Counsel. Yes. Excuse me. I take it that it's agreed that there was a jury verdict on attempt two. The question then is form substance kind of argument, but there was a verdict. It seems that the Supreme Court of Hawaii assumed there was a verdict rendered. They recognized that there was a not guilty entered on the verdict form for attempted murder two and said because of that they conceive it as a verdict, but however, in form alone and not substantive. I understand that. But they did consider it a verdict. The reason I'm asking is in a lot of places, and I don't know if Hawaii is one of them, in a lot of places the verdict's not necessarily what the jury writes in the form. It's got to be announced in open court and the jury's got to say that's our verdict. But it seems to me that in this case we have to assume because the state courts did that this was a verdict. Whether it was a good one or not is another question, but it was a verdict. That appears to be the way the Supreme Court has characterized it in its opinion, the Hawaii Supreme Court has. Okay. However, I think the pivotal question still remained, and in fact, that that not guilty written on the verdict form was not published. And the jury was polled and they informed the court that the conviction on the attempted murder in the first degree was their verdict, in fact. And the pivotal question, which the Hawaii Supreme Court did address, was whether or not this was actually an acquittal. In all of the cases, even of the United States Supreme Court, the question revolves around whether the factual elements were resolved, correct or not, whether they were actually resolved. And in this particular case, because of the interrelated nature of the attempted murder one and the attempted murder two, you cannot really review the attempted murder two without looking at what happened in the conviction of the attempted murder one. Counsel, when you say all of the cases revolve around the issue of whether the factual elements were resolved, to what cases are you referring? In all of the cases that were cited, I believe, in our brief as well as in opposing counsel's brief. Give me your best one that you say revolves around the determination of the factual elements. I'm not sure it's the best one necessarily, but, for example, in Sanabria or in Fong Fu or in Ring, although those were judge-decided cases. Exactly. Even though they were judge-decided cases, I believe in Green, for example, which was a jury case, the question was whether the jury – the jury in that case actually convicted of, the alternative of murder in the second degree after they were given the opportunity for full review of murder in the first degree. Are you saying that Green supports your argument? I'm saying that it still revolved on a matter of whether the jury assessed the elements of the attempted murder one, and they did in reaching their verdict of attempted murder one. Doesn't Green stand for the proposition that even if the verdict is erroneous, the jury verdict stands? That is true to an extent. It's just that if the verdict was erroneous in terms of they resolved the elements, but the basis on which they resolved it were erroneous, still they addressed the elements and, therefore, the verdict stands. What language are you relying upon in Green to support your argument that the reason that verdict stood was because the elements were resolved as opposed to the jury rendering the verdict? I don't have the case in front of me at the moment. But I believe essentially what Green stood for was because in the attempted murder two, the – it was the equivalent of an implied acquittal on the – I'm sorry, murder, not an attempted murder in the first degree. The jury was given the opportunity to consider both murder in the first degree and murder in the second degree, and yet they opted for murder in the second degree. Couldn't the same thing be said of the jury in this case? They were given the option to choose between attempted murder one and attempted murder two, and they acquitted on one and convicted on two. Actually, Your Honor, this is just the opposite. In this case, they convicted on what would be normally considered as the higher. Counsel, what I'm concerned about, too, is United States v. Powell and its progeny where the Supreme Court says, look, was a jury inconsistent? Sure, just like Walt Whitman was inconsistent, but juries can be inconsistent. It doesn't matter if they're inconsistent. We don't – we aren't going to start picking apart verdicts to decide whether they're inconsistent. Juries have the right to be inconsistent. What do we do with that? That's correct. And in this particular case, they were – the jury was actually not inconsistent. Because of the nature of the jury instructions that they were given, essentially what they should have been told was if you find guilt on attempted murder one, you must stop and go no further. However, because that instruction was not given to them, they – and they were aware that they could not convict of both attempted murder in the first degree and attempted murder in the second degree, they did what they thought made the most sense, which was convict on the attempted murder one and erroneously had written not guilty. However, their not guilty writing on the attempted murder two was not a resolution of the elements because they – if, in fact, they intended to acquit on the attempted murder two, they would have been required to go on to the assault charges, which they did not do. None of those charges were considered at all. In fact, what they did do was on the attempted murder in the first degree, they went on to the special interrogatory to determine whether or not the defendant was operating under extreme mental or emotional distress, and they found that he was not in that case. Counsel, the problem is we're speculating as to why the jury did what it did. And a lot of the cases that you cited involved proceedings where the jury was still available and the court was able to question them regarding their reasoning for the verdicts. But we don't have that here. That is true, Your Honor. The difference here, however, is because of the unique interrelated nature of attempted murder one and attempted murder two in Hawaii, as the Hawaii Supreme Court analyzed it, you don't really need to inquire into what the jury perhaps was thinking or doing because it is all manifest in the actual charge itself and in the jury instructions and in the fact that they did not go on to the assault charges. So, therefore, they were not at that point considering attempted murder in the second degree. Your Honors, in this case, because it is manifest in simply looking at the charge itself, the two charges, that the jury did not intend to acquit on attempted murder in the second degree. The jury was polled. Although there was error in the jury instruction, the prosecutor did advise in closing arguments. And although, you know, those arguments are not taken to supersede jury instructions, it served to clarify that they should not have gone on. Once they convicted on the murder in the attempted murder in the first degree, they should have stopped. But as the Hawaii Supreme Court pointed out that inexplicably and perhaps to try to make sense of the jury instructions they had, they wrote the not guilty just to indicate that they understood that there was a difference and they could not choose both attempted murder one and attempted murder two. Counsel, if we accept your argument, won't that inject judges into the second guessing of jury verdicts? Because where do we stop with this? I understand that. But, however, in this particular case, particularly because of the unique facts in Hawaii law in attempted murder one and attempted murder two and the alternative nature and the fact that the attempted murder two is not a lesser included offense, this would not open up the floodgates, you know, into inquiring into all jury verdicts. Because in this particular case, looking at the attempted murder one covers all of the elements of attempted murder two because that specialness of having that single state of mind was removed because the jury instructions were erroneous. As a result, what the jury, what you are left with, what the verdict does indicate, is that there is only an attempted murder two that the jury convicted of, the intentional or knowing killing, the attempted intentional knowing or knowing killing of Mr. Nash and Mr. Parkinson in separate events. You know, counsel are always asking us and always telling us that nothing is going to open floodgates and are always asking us to give a one-way ticket for this case only, which the Supreme Court does sometimes, I'm told. But, anyway, they tell us, you know, it's a one-way ticket. Suppose you tell me, what's the overarching principle that will preclude this opinion from being expanded all over the place? You know, the overarching principle, the judge who writes this will write, I take it. Judges can never interfere with jury verdicts unless it's a case of first degree and second degree murder where the jury has found him guilty of first degree and not guilty of second degree, but the judge perceived that the jury didn't know what it was doing when it did the second step. Is that how we're going to write it? How would you write that? So that nobody else can use it for any other case. Correct. Under the unique facts of this case where attempted murder one, because of the faulty jury instructions, was catamount to a conviction of attempted murder two in that it satisfied each and every element of attempted murder two. There is no need to inquire into the jury's surmising. So the principle is when a jury finds you guilty of crime one, and that would be tantamount to finding you guilty of crime two, Powell notwithstanding, in that case the court will say, well, the not guilty finding on crime two doesn't count for anything because the finding on count one was tantamount to a finding on count two. Is that how we're going to write this? With the additional fact that there is also other evidence that the jury did not go further and look at the included offenses of the assaults. If they truly intended to convict, in other words, if a jury's intent was to acquit, then also looking at the other manifestations of that acquittal would also be important. So that would also have to be taken into consideration, the fact that they did not go on. Your Honor, I don't think... Would you like to save the balance of your time for rebuttal? Yes, please.  Thank you. May it please the Court. Peter Wolf appeared on behalf of the appellee, Mr. Stowe. First, to address the question in the supplemental briefing that was requested by the Court, if the footnote by Justice Rehnquist in dissent, which is cited by the Court, this Court in the McNeely v. Blanas case is correct, that is the judgment that's referred to in 254 means only a judgment of conviction, then it would appear that this case would be properly analyzed under Section 2241. And if it's analyzed under Section 2241, I think it has this effect. First, it has no effect on the standard of review. The standard of review by this Court or the district court's action is de novo in either case. But the burden on the petitioner, Stowe, was much higher under Section 2254, and the district court found that that burden had been met in this case. The burden under Section 2241 is to show that the person is being held in violation, as applicable here, in violation of the Constitution of the United States. And so the additional effort that's required to meet the AEDPA standard of demonstrating that the Hawaii Court's decision was contrary to clearly established federal law or an unreasonable application of clearly established federal law in both cases, federal law meaning as determined by the United States Supreme Court, would not be applicable. Here we have undertaken that burden and met it, according to the district court, and I think the lesser burden under 2241 has, therefore, obviously been met if the district court is correct that we met the AEDPA standard. Let me ask you Judge Fernandez's question. Yes. Which was, is it fair to assume that the Hawaii Supreme Court treated this as a verdict under Hawaii law? Yes, they did treat it as a verdict. That's why they had to identify the principle under which they claimed, I think erroneously, that the matter could be looked at. In other words, there's no reason for the Hawaii Court to have cited United States v. Martin Lennon Supply and discussed it and, in my opinion, derive the wrong lesson from it. But there's no reason to even discuss that case if their analysis was that it wasn't a verdict. It was a verdict, and there would be no basis, really, to conclude otherwise because if you have a verdict form submitted to a jury and if it comes back from the jury with the words written in, not guilty, which is what happened here, two times on each count of second-degree murder and signed by the foreperson of the jury and dated, well, what else could it really be other than a verdict? And I don't think the Hawaii Court, although one can criticize and we have their decision on various grounds, went so far as to claim this wasn't the verdict at all. They analyzed as to whether it was a verdict both in form, which they acknowledged it was, and then they went on to ask whether it was a verdict in substance, and there is where they went wrong. Because what the court did in Martin Lennon Supply, which was a judge's decision, was they analyzed the district court's decision to see when the court acquitted the defendant, did the court actually resolve the factual elements in some fashion, correct or not? And it's those words, correct or not, that are key to the analysis of this case. And what had happened in Martin Lennon Supply was that there was a trial which resulted in a hung jury. The jury was discharged and then the district court granted an acquittal. And in the process of granting the acquittal, the district court made remarks like this was the weakest contempt case he had ever seen and the jury should have acquitted the defendant but didn't for, I don't know if he expressed any reason why they didn't. And so the Supreme Court, in looking at that, said, well, it's obvious from the district court's remarks that this is a resolution of some, or one at least, of the elements of the offense in favor of the defendant and against the government. And therefore, it's not only just a verdict in form, saying it's an acquittal, but it's a verdict in substance. And the key is that the rule is that it doesn't matter if the verdict is correct or not. What the Hawaii court did here was looked at this and basically said, well, we disagree with this verdict. And that is a principle which, if adopted, would be, I think, unique and would be contrary to all of the Supreme Court precedents and really doesn't, to address, I think, another point that Judge Fernandez alluded to, it wouldn't allow for any limiting principle. Because if the double jeopardy protection means that an acquittal is a bar to retrial whenever the jury acquits you and the appellate court agrees with the acquittal, then there really is no content to the double jeopardy protection at all. If double jeopardy protects only when the courts agree with the acquittal, then the jury verdict has been reduced, in effect, to sort of an advisory situation in terms of an acquittal. The Supreme Court has not suggested that any such thing is true. And so the Supreme Court has said if the verdict is based, the acquittal is based on insufficient indictment, it will stand. If the acquittal is based on erroneous jury instructions, it will stand. If the acquittal is completely irrational, as it was in the Green case, where the jury was asked to consider felony murder where the predicate felony was arson and then was instructed also on second-degree murder, the jury came back with a conviction on arson, an acquittal on felony murder, and a conviction on second-degree murder, and the court said the acquittal on felony murder will stand up, even though it makes no sense. So it seems to me that this is a rather definite indication that jury verdicts are not to be scrutinized for whether they're right or wrong. And it's consistent with all of the other law about what we do with jury verdicts when we look at them. Because, as I mean, usually I'm in the situation where I have a blue brief, today I have a red brief to my amazement. But if you look at the usual situation, it's the defendant who wants to come here to this court and impeach the verdict. You know, the jury gave me an affidavit saying they did something that they shouldn't have done or they considered this matter while they were there. We didn't understand this instruction. If we had understood it in the same way that the defense investigator told us, it really meant that we certainly would have come out with the opposite result. There's a strong policy against examining jury verdicts, and it's a correct policy,  Now, what we have here is a situation that's unusual because of the counterintuitive, idiosyncratic nature of Hawaii law in connection with first and second degree murder. But if you look at Hawaii law, it's true that this jury should have been instructed under Hawaii law, because the Hawaii Supreme Court has said so, that if they convict on first degree murder, they should stop deliberating on second degree murder. They weren't given that instruction. But if you look at what Hawaii law says, which is that the state of mind required to convict on first degree murder is entirely inconsistent, irreconcilable with, and mutually exclusive of the state of mind required to convict of second degree murder, and what happened here is the jury was told that they should deliberate, that their verdict on one count was not necessarily indicative of what their verdict should be on another count, and when they had finished deliberating, they should let the court know. It's actually the case that their verdict isn't irrational, because with mutually exclusive states of mind, it is the case that if you're convicted of first degree murder, you should be acquitted of second degree murder. Now, the reason why I think the Hawaii Supreme Court has the opposite policy, that you're told not to deliberate, is probably to deal with a situation like this, where you have two offenses which are mutually exclusive, and you have an erroneous conviction on first degree murder, which is, as the Hawaii Supreme Court ruled, supported by insufficient evidence resulting in an acquittal on appeal. Then, if you have instructed the jury to acquit on second degree murder because they have convicted on first degree murder, you'd end up with a situation like we have here. But the fact of the matter is that this verdict by this jury represents a resolution of the factual elements in favor of Mr. Stowe. Counsel, what's your response to opposing counsel's argument that if the jury truly intended to acquit on attempted second degree murder, it would have gone on to the assault charges and deliberated on those? Well, I think that the question is we don't know why the jury didn't go on to the assault counts. All we know is that they didn't. And while it might have been the case that if all of these matters had been brought to the attention of the trial court, or the trial court, which had the verdicts in front of it, had done something about it before the jury was discharged, it might have been possible to reinstruct the jury or ask them in some fashion to clarify their verdict. They could send them back to the jury and say, clarify this. I think that's right. Once they're discharged, it's over. The trial's over. Well, there's one circuit has said the contrary, of course. One circuit has said that even after they're discharged, you could conceivably call them back and see what they think. Now, in that particular case, they said it was minutes after they're discharged and they hadn't dissociated with other people. You know, that's one of those this is a one way ticket arguments. But, you know, we don't have to pay attention to that. The point is they were discharged and then came back and said, oops, no, we meant to find them guilty. Not guilty. And the court said, that's fine. And I think that was a very close call. And probably that circuit was hoping that it wouldn't happen very frequently. It was hoping for a one way ticket. But I don't think one way tickets work very well, except when the Supreme Court issues them. And then they don't always work. OK. Suppose somebody calls a jury back now. Supposedly call them all in and bring them into court and get affidavits from all of them. Any difference? I don't think so. I think that if there's going to be any notion of finality and protection of double jeopardy, you have to say that once the jury is discharged and has dispersed as a group, have discussed the case and so forth, it's far too late to bring them back. And any other principle just ends the notion of finality of an acquittal and opens up the whole notion of impeachment of jury verdicts. And I don't think that it would be in sound overarching principle that it could only be done when you had an acquittal. So if we're going to go down that road of examining days or months or weeks or years later what happened or what went wrong, there's a lot more guilty verdicts than acquittals, and it would be a lot more business of reviewing verdicts. Now, of course, reviewing the guilty verdicts may not implicate double jeopardy in the same way that acquittals do, and so that would, I think, be an even stronger reason not to countenance it in the case of an acquittal. And I think that that is where the Hawaii court went wrong in thinking that you could basically review the verdict for whether you thought it was right or wrong in terms of its correctness as opposed for whether it represented a resolution, correct or not, of some aspect of the facts in favor of the defendant. And I think that this verdict on its face appears to be an acquittal, and there's no reason to think that it isn't. And even if it's incorrect, all of the Supreme Court cases that have dealt with this kind of circumstance have said, well, it doesn't matter. That is the principle of double jeopardy. And if you don't uphold that, then there really, in my opinion, wouldn't be much content to the protection. Thank you. Roberts. Thank you. Just very quickly. With respect to the fact that this case is before this Court, it is before this Court because there was a conviction and the Mr. Stowe did appeal that conviction of murder in the first degree. So it's not a matter of the State bringing an acquittal before this Court to be reviewed. Secondly, in terms of the Hawaii Supreme Court's analysis, the question, no doubt, if it were actually an acquittal, that acquittal would stand. The question was, is it an acquittal? The fact is that there were none of the facts resolved. It wasn't a matter of whether it was correct or not, a resolution. These factual elements were not resolved. The jury did not consider murder in the second degree as a substantive offense, but merely reflected its understanding that having convicted of attempted murder in the first degree, it was precluded from convicting of attempted murder in the second degree. They did not go on to the assaults. They recognized that that was not a substantive verdict of theirs. They did not inquire into the factual elements. With respect to the fact that whether or not a not guilty verdict can be considered anything other than an acquittal, Judge Monaz is correct that there are a couple of cases, Brown being one of them, I believe it was the First Circuit case, and Stauffer being this Ninth Circuit case, which also the jury had decided that had initially entered a guilty verdict for the first degree. I believe it was for the Hawaii extortion case and entered a not guilty verdict. I believe it was for the Nevada extortion case. And they were discharged. And later it was determined that the defense attorney talked to the jury and discovered that their intents were completely opposite. In other words, they intended to acquit of the Hawaii charge and convict of the Nevada charge.  And in Brown, it was also consistent in that it was appropriate for the court to correct the verdict because in the balance of double jeopardy, there's also an interest in punishing the one whose guilt is clear. And this is what we have here. So, Your Honors, in this case, a very dangerous person, someone who was convicted by the jury of attempting to murder two people, has been released with no conditions, with no bail. Just absolutely released. He is a danger to the community. The State court... But he can still be tried for the assault charges, correct? Yes, that is the argument. But the district court released him entirely with no strings, with no conditions whatsoever at this point.  Is there such a thing as aggravated assault in Hawaii? There's assault in the first degree and then assault in the second degree. Both of those charges were listed as lesser inclusives of the murder, attempted murder in the second degree. And what's the possible sentence for assault in the first degree? I believe it is 10 years. And so there is still a significant potential punishment to be had if the defendant is convicted on the assault. Furthermore, the State court did what it was supposed to do. The State court carefully reviewed the law and determined that there was error in a jury instruction. They looked at the acquittal or what was perceived to have been an acquittal and determined that that was not determined in actual substance. The jury did not consider the actual factual elements. So it's a consideration of those factual elements, whether correct or not. The jury in this case did not do that. Your Honors, in this case, this is not the type of case that the double jeopardy principle is to protect. He was convicted of attempting to chop up both Mr. Nash and Mr. Parkinson with a machete over alcohol. And, Your Honor, here there's a profound State interest in punishing one whose guilt is clear and was determined by the jury. Thank you. Thank you very much for your arguments. The matter will stand submitted in this session of the court. It is in recess. Thank you very much. All rise. The court for this session stands adjourned. Thank you. Thank you. Thank you. Yes.
judges: Fernandez, Paez, Rawlinson